McDaniel vs. Barnes, White & Co.

CASE 26—PETITION EQUITY—APRIL 26.

# McDaniel vs. Barnes, White & Co.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. A debtor owing several debts has a right to apply his payments to such debts as he may designate at the time of making payment.

2. If the debtor fails to apply payments, the creditor may apply them.

3. If neither debtor nor creditor has made application of payments, the law will make the appropriation, and how this must be done is often controlled by circumstances, from which presumptions and equities arise; thus—

If one debt bears interest and another does not, the law presumes it to be the interest, and, therefore, the intention, of the debtor to pay the interest-bearing debt.

If one debt be older than another, this will sometimes raise the presumption in favor of applying it to the elder.

But if one debt be secured and another not secured, then, in the absence of any direction by the debtor or immediate election by the creditor, it will be applied to the debt not secured, upon the presumption that the creditor had so elected because it was his interest, and because equitable.

J. SIMPSON and
HAZELRIGG & WINN,                          For Appellant,
                    CITED—

1 *Bibb*, 334 ; *Bacon vs. Brown.*

5 *Monroe*, 253 ; *Blanton vs. Rice.*

2 *Parsons on Contracts, p.* 146, *and note a.*

*American Leading Cases, pp.* 276, 290.

4 *Dana*, 445, 450 ; *Steele vs. Taylor.*

THOMAS TURNER and
REID & REID,                               For Appellees,
                    CITED—

*Civil Code, sec,* 670.

4 *Monroe*, 418 ; *Brown vs. Vance's ex'rs.*

---

McDaniel vs. Barnes, White & Co.

---

5 *Monroe*, 268–9 ; *Hunter vs. Gatewood*.

4 *Met.*, 281 ; 3 *Met.*, 246.

7 *Dana*, 92–3 ; *Allison vs. Allison*.

14 *B. Mon.*, 321 ; *Allen vs. Shelby*.

18 *B. Mon.*, 127 ; *Todd vs. Luckett*.

7 *J. J. Mar.*, 225 ; *Garner vs. Beatty*.

5 *Mon.*, 253 ; *Blanton vs. Rice*.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

July 30, 1864, L. B. Oldham and J. F. Nelson executed their note for four thousand and eighty-nine dollars and sixty-three cents, which McDaniel guaranteed, payable at ninety days, to Barnes, White & Co., bankers in Mount Sterling, Kentucky ; and same day, and at same length of time, Oldham executed his individual note to same payees for six thousand dollars ; both notes, however, were the individual indebtedness of Oldham.

In the latter part of October, and before the debts were due, Oldham made several deposits with the payees, in checks, some of which were on themselves and some on others, amounting, in the aggregate, to seven thousand dollars, which stood accredited to his general deposit account for some months, and until after Oldham went to Illinois and failed, and become entirely insolvent, when the payees appropriated Oldham's balance on his deposit account—first, to the payment of his single note for six thousand dollars, and then the remainder to the joint note ; and having brought suit on it, McDaniel, the guarantor, first pleaded that he had had no notice; but this court having decided that no notice was necessary where a party guaranteed, on the back of a note, for a given sum, due at a given place and time, said answer was withdrawn, and payment pleaded.

Upon this issue Oldham's evidence was taken; and he stated that, when he deposited the checks, he directed Hoffman, the cashier and book-keeper of Barnes, White & Co., first to pay off the note in which Nelson and Mc-Daniel were bound with him. Hoffman's evidence was also taken, and he as positively stated that Oldham gave no directions as to which debt was to be first paid, but continued to deposit checks as he got them, without any other direction than to pass them to his credit, and that they were so done, and remained until Oldham broke, and then he passed the credit first to the debt of six thousand dollars, and credited the other with the remainder.

The evidence of the debts still remaining with Barnes, White & Co., and deposits still being made, after a sufficiency to have canceled the smaller debt without taking it up, and all before the debts were due, go to fortify Hoffman's statement.

But whether Oldham directed the appropriation of the credits or not, it is equally clear that Barnes, White & Co. had not so appropriated them within reasonable time, and before Oldham became insolvent; so they then had no more right, of their own volition, than Oldham, to direct the debts upon which the credit should go at that time; but in the absence of any direction, first by the debtor, and next of election by the creditor, the law must make the appropriation; and how this must be done is often controlled by circumstances, from which presumptions and equities arise.

Thus, if one debt bears interest and another does not, the law presumes it to be the interest, and, therefore, the intention of the debtor, to pay it. So, if one debt be older than another, this will sometimes raise the presumption in favor of applying it to the elder; but if one

debt should be secured and another not secured, then, in the absence of any direction by the debtor, or immediate election by the creditor, it will be applied to the debt not secured, upon the presumption that the creditor had so elected, because it was his interest, and because equitable. The case of *Field, &c., vs. Holland* (6 *Cranch*, 8), decided by the Supreme Court of the United States, seems to have been a leading case on this subject, which was followed, as early as the year of 1827, by this court in *Blanton vs. Rice* (5 *Mon.*, 253), in which appellant had undertaken to pay appellee certain claims due by a third party, one of which was due by replevin bond, with appellant as security, the others by obligations not reduced to judgment. Appellant. made a payment and took a receipt, neither directing nor specifying upon which debt it was to be placed. This court held that neither party had appropriated the credit, and that the law would apply it to the debt which is most precariously secured, as it did not appear but that all the debts were bearing interest. And in *Burk's ex'r vs. Albert* (4 *J. J. Mar.*, 97), this court, following the foregoing authorties, decided that the law would apply the credit to that debt in which there was no security, in the absence of its appropriation by either party. And this seems to be the recognized rule in *Gordon vs. Hobart*, 2 *Story*, 243; *Chester vs. Wheelwright*, 15 *Conn.*, 562; *Sager vs. Worley*, *Rives' Chy. R.*, 26; *Heilbron vs. Bissell*, 1 *Baily's Chy. R.*, 430; *Gregory vs. Foster*, 1 *McC. Chy. R.*, 318; *Smith vs. Wood*, *Saxton*, 74; *Pattison vs. Hull*, 9 *Con.*, 747; *Smith vs. Loyd*, 11 *Leigh*, 512; *Driver vs. Fortner*, 5 *Porter*, 9; *Planters' Bank vs. Stackman*, 1 *Freem's Chy.*, 502.

We are satisfied that this has now become recognized as the settled rule; and no matter what may have been the reasons which influenced the court, the judgment accords with this rule, and it is, therefore, affirmed.