LEWIS M. MEYER *vs.* DAVID TRUBEE AND OTHERS.

New Haven and Fairfield Cos., April T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

It is provided by Gen. Statutes, § 3805, that "any interest in real estate listed for taxation shall be set by the assessors in the list of the party in whose name the title to such interest shall stand on the land records

of the town." And by § 3890 it is provided that "the interest of any person in any real estate which is by law set in his list for taxation, shall be subject to a lien for that part of his taxes which is laid upon the valuation of such real estate." The defendants were the record owners of certain real estate which was put in the tax list by their agent in his own name as agent, with no mention of his principals, and was allowed by the assessors to go upon their books in that form, and afterwards a lien was filed in the name of such agent. Held that the interest of the defendants in the real estate was not covered by the lien, and that it could not be foreclosed against them under the statute.

[Argued April 18th,—decided September 12th, 1890.]

Suit for a foreclosure of a tax lien on certain real estate of the defendants; brought to the Waterbury District Court. The defendants demurred to the complaint and the court (*Cowell, J.*) sustained the demurrer and rendered judgment for the defendants. The plaintiff appealed. The case is fully stated in the opinion.

*C. F. Cole*, for the appellant.

*G. Stoddard* and *W. T. Bishop*, for the appellees.

Seymour, J.   On the 1st of October, 1887, the defendants, David Trubee, William E. Trubee, Frederick Trubee, George Comstock and Charles R. Willett, all of the town of Bridgeport, were the owners of a piece of land in the town of Waterbury. Their title deed was recorded in the Waterbury land records. On that day James Stout, the defendants' agent in Waterbury, returned an assessment list to the assessors of that town, and swore to the same before one of them, in which this land was included. The list was signed "James Stout, agent." It was the only list returned by him, and contained no other land than that above named.

The assessors set the land in the list of "James Stout, agent," and among the lists of resident tax-payers. On the 2d of April, 1888, the selectmen of Waterbury, the board of finance of the city of Waterbury, and the district committee of the Waterbury Center School District, respectively, made

out and signed proper rate-bills, in each of which the sum representing the proportion of tax which he was to pay was set opposite the name of "James Stout, agent," and warrants directed to the plaintiff for the collection of the same were duly issued.

The plaintiff gave bonds according to law as collector of said taxes. He published a notice in the "Waterbury American," a newspaper published in New Haven County, for three successive weeks, beginning April 6th, 1888, and on that day posted a like notice on the sign-post in Waterbury, that he would receive payment of such taxes on May 1st, 1888, at the hours and place named therein; and was at the place at the time named, ready to receive such taxes. Said taxes have never been paid.

On the 1st of April, 1889, said selectmen, the mayor of the city of Waterbury, and the chairman of the district committee of said school district, respectively, filed certificates of continuing liens upon said land for the amount of said respective taxes, with the legal percentage and interest due thereon, and this complaint is brought for a foreclosure of the liens and possession of the premises.

The defendants demurred to the complaint, among other reasons, because it did not appear from the allegations contained therein, " that the interest in said real estate listed for taxation was set by the assessors in the list of these defendants, in whose name the title to such interest stood on the land records of said town of Waterbury on said 1st day of October, 1887, as required by the statute in such case made and provided."

It is true, as alleged, that the names of the defendants do not appear upon the assessment list, or elsewhere, as tax-payers, and nothing is assessed against them by name. The name of " James Stout, agent," appears upon the assessment list as a resident tax-payer and the land in question is assessed against " James Stout, agent." These defendants, on the 1st of October, 1887, were the owners of the land and their title deed was upon record.

The question presented is—whether the liens can be foreclosed for the failure of these defendants to pay said tax.

From an early period it has been the policy of our law to require the names of those liable to pay taxes to appear upon the assessment list of the town where they are taxed—a requirement so obviously just as to commend itself without argument.

In 1887 a statute was passed providing that any interest in real estate listed for taxation shall be set by the assessors in the list of the party in whose name the title to such interest shall stand on the land records of the town in which such real estate is situated. Gen. Statutes, § 3805. Section 3890, respecting tax-liens, provides that the estate of any person in any portion of real estate which is by law set in his list for taxation, shall be subject to a lien for that part of his taxes which is laid upon the valuation of said real estate as found in said list when fully completed. Section 3896 provides for the continuance of tax-liens, and section 3891 for their foreclosure.

The tax-lien which may be continued and foreclosed is the lien against the estate of any person in any portion of real estate which is by law set *in his list for taxation* and is for that part of *his taxes* which is laid upon the valuation of said real estate as found in said list when fully completed. The point to be decided is whether, under the policy which insists that the name of the tax-payer shall appear upon the assessment list, which requires the assessors to set any interest in real estate listed for taxation in the list of the party in whose name the title to such interest stood on the land records of the town where it is situated, and which creates a tax-lien upon the estate of any person in any portion of real estate which is by law set in his list for taxation, a foreclosure should be decreed against these defendants, when no tax is set in their list nor against them by name, and when the real estate sought to be foreclosed was not set by the assessors in the list of the party in whose name the title stood on the land records of Waterbury.

The difficulties surrounding this question arise from the

acts of James Stout as the agent of the defendants. There is no statement in the complaint of the nature and scope of his agency, nor any direct, distinct allegation that he was the agent of the defendants. The case was decided upon the demurrer, and therefore no facts concerning such agency were found by the court.

The complaint states, and the demurrer must be taken as admitting, that on October 1st, 1887, "said James Stout, agent for said David Trubee and others, signed and returned an assessment list to the assessors of said town, and swore to the same before one of them, in which list said land was included."

It is urged that only technical objections are suggested against the plaintiff's right to recover, and that upon equitable principles those defendants ought to bear their proper proportion of taxes upon their land situated in Waterbury. But in tax matters we are not at liberty to disregard technical objections. Tax laws are necessarily technical. This court held long ago, and has since acted upon the principle, that "as the power of taxation is derived exclusively from statutory provisions, the requirements of the law must be strictly complied with." The taxing body must be careful to discharge its duty with strict accuracy in laying taxes if it would hold individuals to the legal duty of paying them.

If the authorities in this case intended to tax some one besides James Stout on the property named in the list handed in by him, they should have ascertained for whom he purported to be agent, and have laid the tax against the principal. And again, if the assessors had examined the records and set the land in the list of the party in whose name the title stood, the present complication would have been avoided.

We think, therefore, notwithstanding the action of James Stout, agent, as set out in the complaint, that to constitute a valid lien upon the described land, which can be foreclosed against these defendants, it ought to have been set by the assessors in their list and the tax assessed against them; that within the meaning of the law the names of these de-

fendants do not appear on the assessment lists or rate books, and that no tax has been legally assessed against them.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.