## THE PEOPLE'S HOLDING COMPANY
## vs.
## CITY OF NORWALK

Superior Court          Fairfield County          File #51163

Present: Hon. EARNEST C. SIMPSON, Judge.

Keogh & Candee,                    Attorneys for the Plaintiff.

Paul Connery,                      Attorney for the Defendant.

## MEMORANDUM FILED NOVEMBER 3, 1937.

SIMPSON, J. The defendant has failed to substantiate its allegation of fraud upon the part of the plaintiffs in procuring the property in question to be set for taxation other than in the name of the record title holder.

The statute is clear that any interest in real estate for the purpose of taxation shall be set by the assessors in the list of the person in whose name the title to such interest stands upon the land records. Admittedly, this was not done in this case It has been consistently held in this state that if property is not set in the list of the person in whose name the title to such interest stands upon the land records, the tax assessed is invalid and void. It is a fair inference from the decision of the Supreme Court in the case of **Meyer vs. Trubee, 59 Conn. 422** that if a list is presented to the assessors, it is their duty to ascertain whether the list as handed in is the name of the record holder either by inquiry or consulting the town records. This seems to be a duty imposed upon the assessors in order that they may properly perform their duties in listing property for taxation purposes.

A declaratory judgment is therefore rendered that the tax assessments on the premises described in the complaint on the lists of October 1st, 1930, 1931 and 1932 and the liens placed on the property to secure the same are illegal and void as to the plaintiffs.