## MARTIN HELLMAN *vs.* ALONZO C. BURRITT AND OTHERS.

New Haven & Fairfield Cos., Oct. T., 1892. ANDREWS, C. J., CARPENTER, TORRANCE and FENN, Js.

A tax lien on several pieces of land cannot be enforced as a lien upon one of them alone.

A tax lien cannot be sustained where the property on which the lien is claimed was set by the assessors in the list of a party in whom the title did not stand on the records.

[Argued October 28th—decided December 10th, 1892.]

SUIT for the foreclosure of tax-liens; brought to the District Court of Waterbury, and reserved, upon a finding of the facts, for the advice of this court.

*L. F. Burpee*, for the plaintiff.

*W. A. Briscoe*, for the defendants.

ANDREWS, C. J. The complaint in this case claims judgment for the amount of certain tax liens—two in favor of the town of Waterbury, two in favor of the city of Waterbury, and two in favor of the First School District of Waterbury; and for a strict foreclosure or a sale of the premises,

covered by the liens. The complaint is in two counts. The first one is predicated on a tax laid by said communities in the year 1888, and the second count on a tax laid in the year 1889. In each instance the tax was laid against Angelo C. Burritt. The said Burritt, his wife Clara M. Burritt, and the Chelsea Savings Bank of Norwich, are made defendants. The Savings Bank alone makes defense. There was an answer, there is a finding of facts, and the case is reserved upon the whole record for the advice of this court.

The subject of tax-liens and other similar liens, and the foreclosure of such liens, has been frequently and quite recently before this court. *Meyer* v. *Trubee*, 59 Conn., 422; *Hart* v. *Tiernan*, id., 521; *City of New London* v. *Miller*, 60 id., 112, 115; *Meyer* v. *Burritt*, id., 117. The discussion in these cases has been so full that we have no occasion to pursue it further.

We think the District Court of Waterbury must be advised to dismiss the complaint so far as the Chelsea Savings Bank is concerned. The first count as it now stands must be dismissed, because the averments of that court do not agree with, nor are they supported by, the certificates of lien therein sought to be foreclosed. That count mentions a certain piece of land in Waterbury the title to which, it is alleged, stood on the first Monday of October, 1888, in the name of the defendants Angelo C. and Clara M. Burritt. The count then avers that as the said defendants did not return to the assessors any assessment list of said land, the assessors themselves filled out a list thereof for the said defendants, assessing it at the sum of $12,000. It is also averred that the tax laid that year by the town of Waterbury was five mills on the dollar; that the tax laid by the city of Waterbury was fifteen mills on the dollar; and that that laid by the First School District was seven mills on the dollar. The certificates of lien in this count are named in the 13th paragraph. By reference in that paragraph to paragraphs 8, 9 and 10, the sums contained in the certificates for which judgment and foreclosure are claimed, are stated to be:— for the tax by the town, $67.10; for the tax by the city,

$201.30; and for the tax by the school district, $93.94. But five mills on the dollar on the sum of $12,000 does not produce $67.10; nor does fifteen mills on the dollar on that sum produce $201.30; nor seven mills on the dollar produce $93.94. The discrepancy is accounted for by referring to the finding of facts, where it appears that the assessment list filled out by the assessors for the said defendants A. C. and Clara M. Burritt, contained, not only the piece of land mentioned in this count, and on which the Savings Bank had a mortgage, but another piece on which the bank did not have any mortgage, and that the certificates cover both pieces and claim a lien on both for the total amount of the tax on both. It was decided in *Meyer* v. *Burritt, supra,* that a tax lien on several pieces of land could not be enforced against one of them alone. See also *City of New London* v. *Miller, supra.*

The second count must be dismissed because it appears from the count itself, as well as from the finding of facts, that the real estate in that count mentioned was not set by the assessors in the list of the party in whose names the title thereof stood on the land records. The tax liens in that count cannot be enforced against any of the defendants. *Meyer* v. *Trubee,* 59 Conn., 422.

The District Court is advised to dismiss the complaint as against the Chelsea Savings Bank.

In this opinion the other judges concurred.