## Town of New Britain et al. *vs.* The Mariners Savings Bank.

First Judicial District, Hartford, March Term, 1896. Andrews, C. J., Torrance, Fenn, Baldwin and Hamersley, Js.

Where a special statutory method of collecting a tax is resorted to, the steps therein prescribed must be strictly followed.

Section 3896 of the General Statutes provides that the certificate continuing a tax lien shall describe " the amount of the tax." In a suit to foreclose a tax lien against one who had become the owner of the premises subsequent to the assessment of the tax, it was *held* that a certificate which stated a certain sum to be " the amount of said tax and interest on the same to date of this certificate," but furnished no data by which the correct amount of the tax itself could be ascertained, did not comply with the statute requirement.

[Argued March 3d—decided April 15th, 1896.]

Suit to foreclose certain tax liens, brought to the Court of Common Pleas in Hartford County, and reserved by that court, *Calhoun, J.,* upon the defendant's demurrer to the

complaint, for the consideration and advice of this court. *Judgment sustaining demurrer advised.*

The case is sufficiently stated in the opinion.

*Joseph L. Barbour*, for the defendant.

The validity of the certificates is the first thing to be considered. If they are invalid, there is no lien, and the Court of Common Pleas should be advised to render judgment on the demurrer for the defendant. The demurrer attacks the certificates on three grounds : *First*, because they do not specify the amount of taxes on the defendant's real estate— the "sixth piece." *Second*, because they claim a lien not only on the "sixth piece," but on five other pieces in which defendant has no interest, and claim a lien on all six pieces for the total amount of the taxes due on all. *Third*, because the correct amount of the taxes is not given in the certificates, as required by law. *Meyer* v. *Burritt*, 60 Conn., 121 ; *Albany Brewing Co.* v. *Meriden*, 48 id., 243. Section 3 of the Act of 1887, in effect, provides that no lien shall attach to any piece of real estate except for its own taxes. This court has so held in *Meyer* v. *Burritt, supra*, and in *Hellman* v. *Burritt*, 62 Conn., 438 : " A tax lien on several pieces of land cannot be enforced as a lien upon one of them alone." But a glance at these certificates shows that the liens claimed are upon all six pieces of land for the taxes laid upon all said pieces. *Meyer* v. *Trubee*, 59 Conn., 425. Unless the exact amount of the tax due upon the "sixth piece " appears in the certificate, the lien is dead; the wording of the statute " *thereupon* such tax shall remain a lien upon such real estate," precluding the continuance unless said exact amount is given. But even if it be held that it is not necessary to state in the certificate the amount of tax due upon each separate piece of real estate, but that the stating of the aggregate tax suffices, still the certificates are fatally defective. The tax due July 1st, 1887, was $96.60. The date of the certificate is June 30th, 1888. Seven per cent interest on $96.60 for one year is $6.76, which, added to $96.60, is $103.36, instead of $106.38, as stated in the certificate. Did

the selectman compute interest at 9 per cent? Then his total should have been $105.29. And the city certificate shows similar discrepancies.

*John Walsh*, for the plaintiffs.

By the first two paragraphs of its demurrer the defendant claims that the tax due on each parcel of land should have been separately stated, and a lien claimed only on each parcel for the tax assessed against it; and by claiming the total tax against all the parcels of land, it makes the certificate void. As the statute stood prior to 1887, it indisputably authorized the imposition upon one piece of land of a lien for all taxes legally assessed against the owner thereof, not only upon that, but upon any other land or property belonging to him. *Albany Brewing Co.* v. *Meriden*, 48 Conn., 243. Chapter 110 of the Public Acts of 1887, changed the statute so that a lien can only be claimed on each parcel for its share. *Hellman* v. *Burritt*, 62 Conn., 438. The plaintiffs claimed that the certificates of lien in this case are governed by the statute as it stood prior to 1887, and interpreted in *Albany Brewing Co.* v. *Meriden, supra.* Chapter 110 of the Public Acts of 1887, was approved May 18th, 1887, and took effect June 1st, 1887; but by § 12, existing liens for taxes were not impaired by that Act. The taxes now in controversy, though due July 1st, 1887, were laid on the list of October 1st, 1886, and we claim that as the owners of estate on October 1st, 1886, were required to hand in a list of their property owned on that date, and an assessment was made upon such lists, the lien for taxes begins at that time. Prior to 1887 no date was mentioned for the commencement of a tax lien. No adjudication has ever been had in this State as to the date of the commencement of a tax lien. The date of the assessment has been decided to be the commencement of a tax in other States. *Cochran* v. *Guild*, 106 Mass., 29; *Holmes* v. *Taber*, 9 Allen, 246; *Hill* v. *Bacon*, 110 Mass., 387. If any such defect existed in the liens, the same has been removed, and the liens validated by § 5, Chap. 340 of the Public Acts of 1895. The third ground of demurrer is

because the certificates do not give the amount of the tax as required by law. The alleged illegality is that the amount of the tax should have been stated without adding the interest to that time. The interest upon the tax is also a lien upon the land, and the mere fact that by a strict reading of the statute, the interest ought not to have been included, should not invalidate the lien. A mechanic's lien was filed against certain land for $4,270.06, when there was, in fact, only due $1,544.56, and in the absence of fraud or intent to deceive, the lien was upheld. *Marston* v. *Kenyon*, 44 Conn., 355. The joinder of the plaintiffs is an absolute benefit to the defendant, avoiding a multiplicity of suits, and saving costs. The manner in which the title vests in the plaintiffs, if the defendant fails to redeem, is a matter which does not concern the defendant. *Ketchum* v. *Packer*, 65 Conn., 556.

ANDREWS, C. J. This is a complaint brought by the town and city of New Britain, to foreclose two tax liens laid on a piece of land in said town and city. The complaint is a joint one, as is permitted by § 3891 of the General Statutes. The controlling facts as set out in the complaint are these : —

On the 1st day of October, 1886, Waldo C. Camp owned six pieces of land in said town and city. Thereafter such proceedings were had by the taxing officers of said municipalities, that a tax was lawfully laid on all the said pieces against the said Camp; the town tax being $96.60 and the city tax $64.40. These became payable on the 1st day of July, 1887. On the 30th day of June, 1888, two certificates continuing the tax liens on said pieces of land, one in behalf of the town and one in behalf of the city, were entered and recorded on the land records of said town. These certificates described each of said pieces of land, and named the amount of the whole tax on them all. The town certificate described the town tax as $106.38, and the city certificate the city tax as $71.28. The certificates stated that these sums were the amount of the tax with interest thereon to the date of filing, and they also named the time when the taxes became due.

The defendant was the mortgagee of one of the pieces of land described in the said certificates, whose title became absolute by foreclosure on the 2d day of February, 1892.

The complaint avers that the proportional part of the whole tax laid on all said pieces, which was assessed on the one piece belonging to the defendant, was $39.24 town tax, and $26.10 city tax ; and claimed a foreclosure.

The defendant demurred to the complaint because (among other reasons) "the amount of the tax" was not given in the certificate, as is required by law.

All the statutes which have authorized the continuance of a tax lien and the foreclosure of such a lien, have required that the certificate recorded in the town records should describe "the real estate, the amount of the tax and the time when it became payable." It appears in this case that the certificates did not in terms conform to this requirement; and there are no data given in the certificates by which the correct amount of the tax can be ascertained. The certificates state the time when the tax became payable, and purport to give, as one entire sum, the amount of the tax with the interest thereon from that time to the date of the certificates. The time between those two dates is one year. It may be true that where the amount—*i. e.* principal and interest added together—is given, as well as the time and the rate per cent, it is a very simple arithmetical proceeding to ascertain the principal. But there is no rate of interest mentioned in any statute as applicable to an unpaid tax, either 12 per cent, or 9 per cent, or 7 per cent, at which for one year the principal sum of $96.60 can be ascertained from the amount of $106.38 given in the town certificate, or $64.40 from the amount of $71.28 in the city certificate.

Municipalities have no powers of taxation other than those specifically given by the statutes. A valid tax can be collected only by complying with the provisions of these statutes. This rule must be applied with some rigor when a special method for the collection of the tax is resorted to. A lien upon real estate for a tax does not exist where the

statutory steps have not been strictly followed. Cooley on Taxation, 305 ; Dillon on Municipal Corporations (4th Ed.), § 820 ; *Louisville* v. *Bank of Kentucky*, 3 Met. (Ky.), 148 ; *Thames Mfg. Co.* v. *Lathrop*, 7 Conn., 550 ; *Hellman* v. *Burritt*, 62 id., 438; *Meyer* v. *Burritt*, 60 id., 117 ; *New London* v. *Miller*, ibid., 112. The defendant has the right to insist that the plaintiffs shall not take its land to pay to themselves the tax debt of another, unless the steps required by the statute have been exactly taken. *Morey* v. *Hoyt*, 65 Conn., 516.

The Court of Common Pleas is advised to sustain the demurrer.

In this opinion the other judges concurred.