THE UNION SCHOOL DISTRICT OF GUILFORD *vs.* BURTON
W. BISHOP ET AL.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

As a reasonable regulation of a matter of personal *status* the legisla-
ture has the power to provide, as it does in General Statutes,
§ 2297, that the taxable estate of a married woman shall be set in
the list of her husband, and thereby charge him, personally, with
the duty of paying the annual taxes on her real estate, and relieve
her from the obligation of returning a separate list.

A husband listed in his own name several tracts of land, two of which
were owned by his wife, as "73 acres of land, bounded and de-
scribed on back of this list." These were valued by the assessors
at a lump sum and entered on the grand list of the school district
as his property. *Held* that he was thereby estopped from claim-
ing that each parcel should have been valued separately and his
wife's parcels entered as hers in the grand list; and was justly
taxable on the assessed valuation.

In an action by the school district to foreclose a tax lien on the land so
listed, the complaint alleged that all the land stood in the name of
the husband, but that the wife claimed a joint interest in it; and
this was found to be untrue. *Held* that as against the wife the
action was properly dismissed, inasmuch as no fair notice was
given her of the real nature of the plaintiff's claim in respect to
her lands.

The disposition of a cause cannot be affected by matters not in issue
under the pleadings.

A school district tax is not invalid because laid in part to discharge
debts which had been accumulating for several years.

Real estate cannot be foreclosed under a lien to pay taxes on personal
property.

Where a partial payment of a tax is made but is not applied by either
party to any particular item of property, it will be applied by the
court as the justice of the case may require.

Affirmative relief in favor of a defendant can only be granted when it
is asked for by a cross-complaint or counterclaim.

Argued April 14th—decided June 14th, 1904.

ACTION against husband and wife to recover the amount
of a tax and to foreclose a lien therefor, brought to and
tried by the Court of Common Pleas in New Haven County,

*Hubbard, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiffs. *Error and cause remanded.*

*George E. Beers* and *Edwin S. Pickett,* for the appellant (plaintiff).

*J. Birney Tuttle,* for the appellees (defendants).

BALDWIN, J. On October 1st, 1897, Burton W. Bishop owned a tract of land, and his wife owned two others on one of which was a house, in the Union School District of Guilford. He also owned another tract in the town, which was not in that district, and a little personal property. He put all these items of property into his tax list and returned it under oath to the town assessors. The lands were described as:

"1 dwelling-house with buildings and lots appurtenant thereto.

" 73 acres of land, bounded and described on back of this list."

The assessors valued all the 73 acres at a lump sum, and afterwards, under General Statutes, § 2417, one of them valued so much of these lands as lay in the district at another lump sum, and returned a list of the same, including also the personal property and the house lot at proper valuations, to the clerk of the district, all being thus entered in the name of Burton W. Bishop.

In July, 1898, the district levied a five-mill tax to pay debts which had been accumulating for several years. It was made payable October 1st, 1898. No rate bill was made out until October 6th, 1898. Then one was made out in which Burton W. Bishop was charged with $12.92, this being five mills on the assessed valuation of all the property, real and personal, in the district, so owned by himself and his wife on October 1st, 1897. No attempt was ever made to collect any part of this $12.92 out of the personal property, and no personal demand was ever made or served

upon either. On September 30th, 1899, the collector of district taxes put on record a certificate of lien for $12.92 on the three tracts of land in the district.

In February, 1903, Burton W. Bishop paid $3 on the tax, claiming that that was all of it that was legally due from him. Soon afterwards this suit was brought. The defendants in their answer denied the validity of the proceedings by the town and district, which were stated in the complaint. No evidence was offered on the trial to show the separate value of either of the three tracts. Judgment was rendered for the defendants, and " that said tax lien is void and the same is hereby set aside and declared of no effect."

General Statutes, Rev. 1888, § 3803 (Rev. 1902, § 2297), provided that " the taxable estate of married women, other than separate property, shall be set in the lists of their husbands." The exception of separate property was first made in 1880. Public Acts of 1880, p. 525, Chap. 57. At that time there were comparatively few married couples whose rights were regulated by the new system adopted in 1877. The term " separate property of a married woman " had an established meaning. It was " such estate only, be it real or personal, as is settled on her for her separate use, without any control over it on the part of her husband." *Butler* v. *Buckingham*, 5 Day, 492, 497, 501. It does not appear that the land of Mrs. Bishop was of such a character.

It was within the power of the legislature to make this statutory provision. Taxes are naturally a charge on income. Practically a husband, whether married before or after 1877, is apt to have the management of his wife's lands, and to receive the income from them. To charge him primarily with the duty of paying the annual taxes on her real estate, and to relieve her from the duty of returning a separate list, was a reasonable regulation of a matter of personal *status*. It might be otherwise, were he compelled to pay assessments for public improvements benefiting her land, which would be properly a charge upon the land rather than upon the income from it. *New London* v. *Miller*, 60 Conn. 112.

The omission to make a separate valuation of each parcel

of land was invited by Burton W. Bishop. He listed the various parcels together as "73 acres." While it is true that he referred in that connection to the back of the list on which the acreage and situation of each were separately described, he presented them on the face of the list, which is the place on which to enter the valuation, as a single item. He is therefore estopped from claiming that they should have been valued separately. *Albany Brewing Co.* v. *Meriden*, 48 Conn. 243, 245. As he also listed them all as his own property, making no reference to the fact of his wife's ownership of two of the parcels and that the house was on one of these, he is equally precluded from taking any benefit from the fact that in the grand list of the district they were not entered as hers. His act naturally led to this irregularity.

The complaint alleges that all the land so listed by the district stood in the name of Burton W. Bishop, but that his wife claims a joint interest in it. The finding shows that this was untrue. On such a complaint, the Court of Common Pleas was justified in dismissing the action as against her. While she was described in the writ as the wife of Burton W. Bishop, there is no allegation that she owned any of the property in question, or that she was made a party because she was a married woman. No fair notice therefore was given her of the real nature of the plaintiff's claim, as respects her lands.

As to him, however, the case set up was in part made out. He was the owner of some of the land assessed. He had induced its valuation by the district, together with other land of his wife, at a lump sum for the whole. He was justly taxable on this amount.

It is found that no notice of the valuation made by the district was ever given, nor any meeting held of the assessors and selectmen to act upon applications for relief, as required by General Statutes, §§ 2417, 2418; that no personal demand was ever made upon him for payment of the tax; and that there was no attempt to collect it out of his personal property. None of these matters were in issue under the

pleadings, and therefore they could not affect the disposition of the cause.

The answer set up the defense that the tax was invalid, because partly laid to pay old debts which had been in arrears for years. It was the duty of the district to pay them, and taxation was the proper means.

Land cannot be foreclosed under a lien for taxes on personal property; but it does not appear that any part of what is now due to the plaintiff is for a tax on personal property. The $3 paid on account was not applied by either party to any particular part of the indebtedness. It should therefore be applied as the justice of the case may require. *Chester* v. *Wheelwright*, 15 Conn. 562. This will be best secured by applying it, so far as necessary, in discharge of that portion of the tax laid on account of the personal property (which was less than $1), and treating the balance as paid to reduce the amount due for the proportion of the tax laid on account of the lands owned by Mrs. Bishop. For the whole of the residue the plaintiff is entitled to a foreclosure as respects the tract of land listed by the district which was owned by Burton W. Bishop.

The judgment appealed from, in declaring the lien set up by the plaintiff to be void and setting it aside, went beyond the issue. Affirmative relief in favor of a defendant can only be granted when it is asked for by a cross-complaint or counterclaim.

There is error, the judgment of the Court of Common Pleas is set aside and the cause remanded with directions to dismiss the suit as against Mrs. Bishop and to grant a foreclosure as respects the tract of land owned by her husband, for $9.92, with interest and costs.

In this opinion the other judges concurred.