THE CITY OF WATERBURY vs. MARGARET O'LOUGHLIN
ET ALS.

First Judicial District, Hartford, March Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

A duty to pay taxes is always the creation of statute and arises only
when the statutory requirements have been strictly fulfilled.

General Statutes, § 2299, directs that any interest in real estate listed
for taxation shall be set by the assessors in the list of the person
in whose name the title stands on the land records of the town.
In the present case the land in question was listed in the name of
"the heirs of A." Held:—

1. That if it were to be assumed that land could ever properly be
listed in that manner, the tax based thereon could not be re-
covered of the defendants in this instance, inasmuch as there
was not only no proof that the defendants were the heirs of A,
but the complaint itself alleged that A died testate.

2. That therefore, also, the assessment in question was not aided by a
validating Act (Public Acts of 1903, Chap. 206, § 13) which pur-
ported to cure errors and irregularities in assessing taxes upon
property "actually owned by the person against whom such tax
is assessed."

General Statutes, § 2298, provides that the taxable property of every
married woman shall be listed in her name, if she shall give in a
list, or if her husband shall specify the property and request the
assessors to list it in her name. The complaint in the present case
alleged that the husband and agent of one of the defendants filed
a tax list in her behalf in which she was represented as the sole
owner of the land in question. Upon demurrer to the complaint
it was held:—

1. That in view of these allegations and the provisions of our statutes,
the husband must be regarded as his wife's duly authorized agent,
by whose act she was estopped from denying that the title was
wholly in her.

2. That the wife thus became liable for the full amount of the tax,
a lien for which might be foreclosed against her one-half interest
in the land.

Submitted on briefs March 7th—decided April 10th, 1907.

ACTION by complaint in two counts, for taxes on land,
the foreclosure of tax liens, and possession of the premises,
brought to the District Court of Waterbury where a de-

murrer to the complaint was sustained (*Peasley, Deputy-Judge*) and judgment was rendered for the defendants. *No error as to the first count; error as to the second count.*

*William E. Thoms*, for the appellant (plaintiff).

*Charles G. Root* and *Charles W. Bauby*, for the appellees (defendants).

BALDWIN, C. J. This is a suit for the collection of taxes assessed in the grand lists for the years 1901 and 1902, against the defendants as owners of a lot of land in Waterbury, formerly belonging to one Hannah Coss.

She had died, testate, in 1893, and in 1895 a certificate of distribution was duly filed for record in the land records of Waterbury showing that the title to the lot had become complete in Thomas Coss, Katie Coss, Margaret O'Loughlin, and Margaret O'Loughlin as trustee for Frank Quinn, to whom it had been devised by Hannah Coss. Katie Coss died testate in 1896, and devised her interest to Daniel Coss. In this state of things the assessors put the land in the grand list of 1901 in the name of the heirs of Hannah Coss, and the first count of the complaint was based upon the assessment made upon that list. It was not alleged that any of the defendants were heirs of Hannah Coss.

In November, 1901, Thomas Coss conveyed his interest in this lot to Margaret O'Loughlin, and she mortgaged the land to the Hillman Brewing Company, which is one of the defendants. In 1902, before the making of the grand list of that year, the husband and agent of Margaret O'Loughlin signed and swore to an assessment list which he filed with the assessors, in which it was stated that this lot was a portion of the taxable property belonging to Margaret O'Loughlin; whereupon they set the lot in her list, and made out the grand list accordingly. The assessment based upon it was the subject of the second count.

The taxes for neither year were paid, and the collector filed proper certificates of lien for record.

General Statutes, § 2299, provides that " any interest in real estate listed for taxation shall be set by the assessors in the list of the party in whose name the title to such interest stands on the land records of the town in which such real estate is situated ; " and § 2298, that " the taxable property of every married woman shall be listed in her name, if she shall give in a list of the same to the assessors according to law, or if her husband shall, within the time required by law for giving in lists of taxable property, give to either of the assessors written notice that he requests her taxable property to be listed in her name, and particularly specifies it."

At the time when the tax lists for 1901 were made up the land records showed that the title to the lot in question had passed from the estate of one Hannah Coss, deceased, to Thomas Coss, Katie Coss, Margaret O'Loughlin, and Margaret O'Loughlin as trustee. Instead of listing the land in their names, or in the names of any persons, the assessors set it in a list which they made out, as the taxable property of the heirs of Hannah Coss. If we are to assume that lands can ever properly be listed as the property of those designated simply as heirs of another, there is not only nothing to show that the defendants were heirs of Hannah Coss, but it is expressly alleged that she died testate.

A duty to pay taxes is always the creation of statute, and arises only where the requirements of the statute have been strictly fulfilled. *Meyer* v. *Trubee*, 59 Conn. 422, 426, 22 Atl. 424; *New Britain* v. *Mariners Savings Bank*, 67 Conn. 528, 532, 35 Atl. 505. No case for relief of any sort, therefore, is made out under the first count. It gains no help from the general validating Act of 1903 (Public Acts of 1903, Chap. 206, p. 190, § 13) which purports to cure errors and irregularities in assessing taxes upon " property actually owned by the person or corporation against which such tax is assessed," since it is not alleged that the heirs of Hannah Coss were the actual owners of the lot in question.

Under the second count, relief is sought only against Margaret O'Loughlin.

When the lot was set in her list, the land records showed that she owned an undivided half interest in it, individually, and also an undivided fourth interest as trustee for another of the defendants, Frank Quinn, the other fourth interest being the property of Daniel Coss, who is not a defendant. The demurrer admits, however, that her agent filed a tax list in her behalf, in which she was represented as the sole owner. Under the allegations of the complaint and the provisions of our statutes (General Statutes, § 2298; Public Acts of 1893, p. 367, Chap. 219) he must be regarded as her duly authorized agent. *Martin* v. *New York & N. E. R. Co.*, 62 Conn. 331, 344, 25 Atl. 239. She is therefore estopped from denying that the title was wholly in her. *Union School District* v. *Bishop*, 76 Conn. 695, 697, 66 L. R. A. 989, 58 Atl. 13.

It follows that the second count was sufficient to support a recovery against Margaret O'Loughlin, under General Statutes, § 2407, for the full amount of the tax due on the list of 1902 and, in default of its payment, for the foreclosure of the tax lien as to her half interest in the lot.

There is error in the judgment on the second count and, as respects the disposition of that count, the judgment is set aside and the cause remanded for further proceedings according to law. The costs taxed in this court for the appellant will not include the $20 fee "for all proceedings."

In this opinion the other judges concurred.