THE F. H. WHITTELSEY COMPANY *vs.* THE TOWN OF WINDSOR LOCKS.

First Judicial District, Hartford, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A tax lien upon real estate cannot properly be extended, under General Statutes, § 2403, by a certificate which includes in the amount of the tax as therein stated a sum assessed upon the taxpayer's personal property.

It is within the power of the legislature, however, to cure such an irregularity or defect and thus render the lien valid to the extent of the tax assessed against the real estate; and to make the Validating Act retroactive.

A mortgagee who acquires title to such real estate by foreclosure prior to the passage of the Validating Act, cannot thereby avoid its effect under the claim that it impairs a vested right, since he must be held to have had constructive notice of the existence of the tax and of the validity of the lien therefor for at least a year, and, moreover, to be chargeable with knowledge of the probability that any mere irregularity attending the assessment and collection of the tax would be cured by legislative enactment.

Such constitutional methods, means and requirements as the General Assembly may see fit to prescribe for the assessment, levy and collection of taxes, it may dispense with at its discretion.

Argued January 7th—decided April 19th, 1916.

Suit to secure the cancellation and discharge of a certificate of tax-lien, as an alleged cloud upon the plaintiff's title to its real estate, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.,* upon a demurrer to the answer; the court overruled the demurrer and, upon the refusal of the plaintiff to plead further, rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

*Willaim M. Maltbie,* for the appellant (plaintiff).

*Matthew P. Kelly,* for the appellee (defendant).

WHEELER, J. The plaintiff claims a judgment requiring the defendant, the town of Windsor Locks, to cancel a certificate of a lien for a tax against its real estate, listed and assessed against its predecessor in title, The Whittelsey Paper Company.

The complaint recites that on March 31st, 1908, the taxes of this Company, which were laid October 1st, 1906, and became due April 1st, 1907, not having been paid, the defendant town caused to be recorded in its town records a certificate to extend the tax lien on said real estate under the provisions of General Statutes, § 2403, and the amendments thereto, and that this certificate included in one amount the entire taxes laid against both the real and personal property of the Company, and hence was void and did not extend the tax lien. The answer admits these allegations, and further recites that on October 1st, 1906, the Paper Company owned this real estate and Laura V. Whittelsey was the holder of a mortgage thereon, of which, by judgment of foreclosure, she became the owner in fee on April 1st, 1907; that the General Assembly, in 1909, passed a validating Act providing, among other things, that "no tax lien, a certificate to continue which has heretofore been recorded . . . shall be

deemed to be invalid . . . because the amount of the tax secured by said lien was or is incorrectly stated therein"; that Mrs. Whittelsey conveyed the property to the plaintiff July 30th, 1914, and that the defendant has many times offered to discharge so much of the tax as exceeds the amount laid on the real estate.

The plaintiff demurred to the answer on two grounds: the first is general and cannot be considered; the second, because the validating statute did not create or revive a tax lien on this real estate, as thereby the vested rights of the plaintiff in the real estate would have been impaired. The trial court overruled the demurrer, and the question involved in the second ground of demurrer is the only question for determination upon the appeal.

This tax lien continued as a valid lien until April 1st, 1908. It was not legally extended under General Statutes, § 2403, since it included in the amount of the taxes the amount as assessed upon the personal property as well as the real. *Meyer* v. *Burritt*, 60 Conn. 117, 22 Atl. 501; *Hellman* v. *Burritt*, 62 Conn. 438, 26 Atl. 473; *New Britain* v. *Mariners Savings Bank*, 67 Conn. 528, 532, 35 Atl. 505; *Union School District* v. *Bishop*, 76 Conn. 695, 699, 58 Atl. 13.

Our question is whether the invalid lien has been made valid by the validating Act. Public Acts of 1909, Chap. 263, § 3. The plaintiff does not contend that this lien so extended would not have been good under the validating Act had the Paper Company continued in ownership of this real estate. It insists that, as against Mrs. Whittelsey, the mortgagee, who secured title by judgment of foreclosure prior to the passage of the validating Act, and hence, as against the plaintiff, her successor in title, the validating Act is inoperative and the lien void, since it impairs the vested rights of the mortgagee.

The mortgagee was chargeable with constructive notice of the existence of the lien of this tax when the tax was laid, when she brought her foreclosure action, and when she took title. We are unable to discover why this Act should be held to validate the lien as against the Paper Company and not as against this mortgagee, charged as she is with notice of the lien.

Statutes curing irregularities in the assessment and levy of taxes, when jurisdictional and not in contravention of constitutional provision, are not invalid because retrospective. The test of the validity of this Act is whether the General Assembly might, by a prior law, have provided for the validity of a lien on the real estate as to the amount of the tax assessed against it, although in the lien this amount was combined with a sum assessed as a tax upon personal property. The legislative power to prescribe such conditions, means, and methods in the assessment and levy, and for the collection, of taxes as it may determine, is undoubted. What it may prescribe it may dispense with, and it may by its Act cure the irregularity of a non-observance of the requirements it might have dispensed with. Cooley on Constitutional Limitations (7th Ed.) 529; 1 Cooley on Taxation (3d Ed.) 517; Sutherland on Statutory Construction (Ed. 1891), p. 631. A statute of this character,—within the legislative jurisdiction— and concerned, as it is, with a matter of highest public consideration, is in furtherance of justice and for the public welfare, and should be sustained unless it conflicts with a vested right. *Mechanics, etc., Savings Bank* v. *Allen*, 28 Conn. 97. No vested right can be predicated, by one who was an owner or mortgagee during the valid existence of the tax lien, upon an irregularity of this character. Such a defense would be a purely technical one; it bears no relation to a defense in protection of a vested right. *First School District* v.

*Ufford,* 52 Conn. 44, 48; Sutherland on Statutory Construction (Ed. 1891) p. 483.

The tax in controversy was a valid tax on the day the mortgagee secured her judgment of foreclosure. After the mortgagor was in default, it was entirely proper for her to have paid the tax and added it to her debt. *Mix* v. *Hotchkiss,* 14 Conn. 32. She took title with either actual or constructive knowledge of the existence of this tax and that her property so acquired by foreclosure was charged with its payment, and charged, too, with knowledge of the high probability, in view of the often exercised power of our General Assembly, that its irregularity would be cured.

This tax lien had been made valid by the validating Act before the plaintiff acquired title from Mrs. Whittelsey. It was then an existing incumbrance upon the land, and the plaintiff took title charged with legal knowledge of it. It seeks, in this action, to have the title of its property cleared of a valid tax lien of which it has legal knowledge and for the payment of which its property is charged. It cannot prevail. Its position is inequitable.

Cases of irregularities in tax assessment or levy, subsequently cured by statute, are: *Atkins* v. *Nichols,* 51 Conn. 513, 520; *Russel* v. *Werntz,* 24 Pa. St. 337.

There is no error.

In this opinion the other judges concurred.