EMPIRE ESTATES, INC. *v.* CITY OF STAMFORD

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued January 5—decided March 1, 1960

*Paul C. Jamieson,* with whom was *Stephen Pierson,* for the appellant (plaintiff).

*Arthur L. DiSesa,* with whom, on the brief, was *Isadore M. Mackler,* for the appellee (defendant).

MELLITZ, J. The plaintiff seeks a declaratory judgment determining the validity of an assessment of real estate in the city of Stamford on the list of September 1, 1956. The real estate consists of 166 acres which were formerly part of a tract of 400 acres owned by Horace Havemeyer and Harry W. Havemeyer and assessed in their names, as owners, on the list of September 1, 1955, at $177,650. The plaintiff acquired title to the 166 acres on August 15, 1956. The second half of the taxes due on the list of 1955 was unpaid. The plaintiff desired to pay the portion attributable to the 166 acres and requested the assessor to prorate the assessment. The assessor did so, allocating to the 166 acres a valuation of $76,780. On the basis of this figure, the plaintiff paid its share of the tax due.

On or before December 31, 1956, the assessor completed the grand list of September 1, 1956, and lodged his abstract thereof in the assessor's office as required by law. The plaintiff's tract was assessed at $151,460. No written notice of this amount was given to the plaintiff. The claim of the plaintiff is that the 1956 valuation represented an in-

crease over the 1955 valuation and was rendered illegal by the failure of the assessor to give the plaintiff written notice of the increase. Section 1734 of the 1949 Revision (as amended, General Statutes § 12-55) provided that "in each case of any increase of valuation above the valuation of such property in the last-preceding grand list, [the assessors] shall give written notice, in person or by mail, of such increase, to the party whose list or valuation is so changed."

Municipalities have no powers of taxation other than those specifically given by statute, and strict compliance with the statutory provisions is a condition precedent to the imposition of a valid tax. *Rocky Hill Incorporated District* v. *Hartford Rayon Corporation,* 122 Conn. 392, 403, 190 A. 264; *Waterbury* v. *O'Loughlin,* 79 Conn. 630, 632, 66 A. 173; *New Britain* v. *Mariners Savings Bank,* 67 Conn. 528, 532, 35 A. 505. The statutes relating to the assessment of property for taxation and to the duties of assessors comprise chapter 86 of the 1949 Revision (General Statutes, c. 203). It is clear from these enactments that the duties of assessors are prescribed with particularity. The manner in which real estate is to be described and assessed is explicitly set out. Failure of the assessors to list real estate in a manner conforming to the statutes will result in an invalid assessment and prevent recovery of the tax based on it. *Hamden* v. *New Haven,* 91 Conn. 589, 595, 101 A. 11; *Hellman* v. *Burritt,* 62 Conn. 438, 440, 26 A. 473. The power of assessors to alter assessments exists only during the lawful period for the performance of their duties, before the lists are completed and filed. *State ex rel. Foote* v. *Bartholomew,* 108 Conn. 246, 258, 142 A. 800. Once the assessors have completed their duties as

prescribed by statute, they have no authority to alter a list except to remedy a clerical omission or mistake. *Reconstruction Finance Corporation* v. *Naugatuck,* 136 Conn. 29, 32, 68 A.2d 161; *Bridgeport Brass Co.* v. *Drew,* 102 Conn. 206, 210, 128 A. 413; *Bristol Mfg. Co.* v. *Gridley,* 28 Conn. 201, 210.

The Stamford assessor completed the grand list of September 1, 1955, long before August 15, 1956, the date the plaintiff acquired title to the 166 acres. The act of the assessor, under the authority of § 1833 of the 1949 Revision (General Statutes § 12-152), in placing a valuation on the 166 acres for the purpose of enabling the plaintiff to pay the tax on them on the list of 1955 could not have the retroactive effect of converting them into a separate parcel on that list. On it, there was a single parcel of 400 acres in the names of Horace Havemeyer and Harry W. Havemeyer. Under § 1718 of the 1949 Revision (as amended, General Statutes § 12-42), the assessor had the duty of making a separate description of, and valuation for, each parcel of real estate. If assessors fail to list real estate in separate parcels, they may be compelled to do so by mandamus. *State* v. *Erickson,* 104 Conn. 542, 547, 133 A. 683. The number of acres included within a tract of land in no way determines whether it constitutes a single parcel within the meaning of the statute. Id., 548. The 166 acres acquired the status of a separate parcel only after they were severed from the 400-acre parcel by the sale to the plaintiff. Prior to the list of 1956, the tract had no separate status for assessment purposes. Its valuation and assessment in 1956 was an original valuation and assessment and could not be equated with any portion of the assessment of the 400-acre tract on the list of 1955. The 166 acres were a new unit of real estate requiring a separate

valuation on the list of 1956. The valuation on that list could not be treated as an increase over any prior valuation. Consequently, the assessor had no duty to give a written notice to the plaintiff of the 1956 assessment.

The written notice required by § 1734 was designed to notify a taxpayer that his property was being assessed at a higher figure than previously. In the absence of such notice, a taxpayer may rest on the assumption that the valuation of his property continues to be the same, and he is not burdened each year with the necessity of inspecting the lists filed by the assessors on the completion of their duties. The situation is different, however, where a change has occurred in the composition of a parcel of real estate. For each new parcel, a separate valuation and assessment becomes obligatory. Opportunity to ascertain this valuation and assessment is afforded after the lists have been completed and lodged for public inspection in accordance with § 1734, and remedies by appeal may be seasonably availed of. In the situation presented here, the burden is on the taxpayer to resort to the lists for such information as an inspection of them will disclose.

The trial court properly concluded that the requirement in § 1734 as to notice was inapplicable to the situation here and that the failure of the assessor to give the plaintiff notice of the assessment of its property on the list of 1956 did not affect the validity of that assessment.

There is no error.

In this opinion the other judges concurred.