[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 9448
The defendant has filed a motion to dismiss for lack of subject matter jurisdiction on the ground that the plaintiff's tax appeal, taken in 1994, cannot challenge the assessment of the plaintiff's property on the list of October 1, 1989. The subject property was assessed on the list of October 1, 1989 at $1,582,500. The same valuation has continued on subsequent lists by the town's taxing authorities. The plaintiff did not own the subject property on October 1, 1989. It acquired the property before February 1994 and had standing to appear before the Board of Tax Review on the list of October 1, 1993. However, the appeal was only taken on the October 1, 1989 list, and the appeal has not been amended to include the list of October 1, 1993.
The only relief from municipal property tax assessments is by appeals to the Superior Court under either § 12-118 or § 12-119 of the General Statutes. Norwich v. Lebanon, 200 Conn. 697, 711, 712;National CSS, Inc. v. Stamford, 195 Conn. 587, 597, 598. The appeal in this case follows the format of art appeal from a decision of the Board of Tax Review for overassessment of property pursuant to § 12-118 of the General Statutes. See Connecticut Practice Book Form 204.4. [Technically appeals from decisions of the Board of Tax Review are now taken under § 12-117a which is a substitute for former § 12-118 of the General Statutes; § 12-118 applies to appeals from the Connecticut Appeals Board for property valuation, although the statute mandating appeals to the Connecticut Appeals Board has been postponed until the list of October 1, 1995. See § 12-121bb, C.G.S. To avoid confusion and maintain consistency with prior case law, references will be to § 12-118 rather than § 12-117a.] An appeal under § 12-118 must be taken to the Superior Court within two months of the decision of the Board of Tax Review. Since the statute creates the right to appeal, the two month time limit is a condition precedent to the right to bring the appeal, and failure to file the appeal within the time period is grounds for dismissal since it affects subject matter jurisdiction. Holloway Brothers,Inc. v. Town of Avon, 26 Conn. Sup. 164, 167. See also Rogers v.Commission on Human Rights and Opportunities, 195 Conn. 543, 550;Royce v. Freedom of Information Commission, 177 Conn. 584, 587;Orticelli v. Powers, 197 Conn. 9, 15.
The plaintiff's appeal does not contain the necessary allegations for an appeal under § 12-119 of the General Statutes, even though the plaintiff's brief in opposition to the motion to CT Page 9449 dismiss also relies upon that statute. Section 12-119 does not provide for an appeal to and an appearance before the Board of Tax Review as a prerequisite to an appeal to the Superior Court, but even that statute requires the direct appeal to be made within one year from the date as of which the property was last evaluated for purposes of taxation. On that basis alone, the plaintiff could not bring an action to challenge valuation of its property on the October 1, 1991 or earlier assessment years, and probably could not challenge the October 1, 1992 assessment. The one year time limit for an action under § 12-119 is not jurisdictional and must be raised by the municipality as a defense, Wilson v. Kelley,224 Conn. 110, 121, because unlike § 12-118 it is a substitute for legal and equitable rights which existed at common law. Id., 123 citingNorwich v. Lebanon, supra, 710. While the appeal does not allege a cause of action under § 12-119, it is also well established that use of that statute is not a substitute for a timely appeal under § 12-118 where that procedure was available to contest overvaluation. Northeast Datacom, Inc. v. Wallingford, 212 Conn. 639,649, 650. Moreover, § 12-119 applies in only two situations: (1) where a tax has been laid on property not taxable in the municipality, First National Bank Trust Co. v. West Haven,135 Conn. 191, 194, or (2) where the assessment was manifestly excessive and could not have been arrived at except by disregarding the statutory provisions for valuation of property. To obtain relief under the second category of § 12-119, the assessment must be both (1) manifestly excessive and (2) one which could not have been arrived at except by disregarding the statutory rules for valuation of property. Second Stone Ridge Cooperative Corporation v.Bridgeport, 220 Conn. 335, 341; Wilson v. Kelley, supra, 119. The action here is a garden variety appeal from a decision of the Board of Tax Review under § 12-118, and does not meet the stricter test of § 12-119 even if the appeal could be construed as invoking that statute.
The appeal states that the appellant applied to the Board of Tax Review which denied its application on February 22, 1994. The appeal was taken on April 19, 1994, within two months of that date. As such the appeal would have been timely if it was from assessment of the property on the list of October 1, 1993. However, that is not the situation. The plaintiff claims the right to go to the Board of Tax Review in February 1994 to challenge the assessment on the property on the list of October 1, 1989 merely because the valuation of the property has not changed. No legal authority is cited for this proposition, which disregards the statutory scheme for assessment of the property taxes, appeals from assessments and CT Page 9450 payment of municipal taxes.
Even though a municipality may only do a periodic revaluation of all property in the town once every ten years based on § 12-62 of the General Statutes, and uses the same assessment on subsequent assessment lists, each assessment year is separate and distinct from the others. When the Board of Tax Review met in February 1994 it was considering appeals on the list of October 1, 1993, and could not consider assessments on the lists of October 1, 1989 through October 1, 1992, as those lists were completed and closed. Under the well established statutory procedure, municipal assessors must complete assessments on each October 1 assessment list by January 31st of the following year. § 12-55 C.G.S. The board of tax review then meets, generally in the month of February pursuant to § 12-110 of the General Statutes, and property owners have the right to appeal to the board at one of its meetings to question valuation of the property in the preceding October 1st assessment list. § 12-111 C.G.S. The board of tax review can only consider a change in the assessment at one of its February meetings. § 12-112
C.G.S. After that there can be no changes to the assessment list for that year except to correct clerical errors and mistakes under § 12-60 of the General Statutes. Clerical omissions or mistakes do not include errors of substance. Reconstruction FinanceCorporation v. Naugatuck, 136 Conn. 29, 32. The period of time for the assessors and the board of tax review to complete their duties cannot be extended except by the Office of Policy and Management, and then only for a period of up to one month. § 12-117 C.G.S. The time limit for the board of tax review to complete its duties is mandatory, and the board of cannot make corrections once the time limit expires. Albert Brothers, Inc. v. Waterbury, 195 Conn. 48,55. Once the assessment list is finalized, and the board completes its duties for that assessment year, the municipality then imposes and collects taxes based on the current assessment list. Property owners cannot go back and question taxes on prior assessment lists.
The Board of Tax Review had no jurisdiction in February 1994 to change the assessment on any of the assessment lists prior to October 1, 1993. Id., 55; see also Empire Estates, Inc. v.Stamford, 147 Conn. 262, 264-65. As the defendant contends, the plaintiff would also have no standing to question assessments on prior lists when the subject property was owned by a predecessor in title. In any event, even if the plaintiff had owned the property in 1989, the Board of Tax Review had no authority to change the assessment of the subject property in February 1994 for the list of CT Page 9451 October 1, 1989.
Since the present appeal is not from the October 1, 1993 assessment, the plaintiff did not appeal within the two month time limit in § 12-118 of the General Statutes. An appeal from the October 1, 1989 assessment had to be taken in April 1990, and the plaintiff is four years too late.
The appeal is dismissed.
FULLER, JUDGE.