[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 11647
The plaintiff, F.W. Woolworth Co., has filed an appeal of the decision of the Board of Tax Review (Board) of the Town of Greenwich, pursuant to General Statutes §§ 12-117a and 12-119, regarding the assessment of property taxes. The defendant filed an amended answer as well as a counterclaim on April 21, 1995. In its counterclaim, the defendant alleges that the property was under assessed, and that the assessment should be increased to reflect the fair market value. On May 10, 1995, the plaintiff withdrew its appeal. Following the withdrawal of its appeal, the plaintiff filed a motion to dismiss or strike the defendant's counterclaim on the grounds of lack of subject matter: jurisdiction or legal insufficiency.
PAGE]"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski, 189 Conn. 101,105-06, 454 A.2d 275 (1983).
"A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Citations omitted; internal quotation marks omitted.) Raines v. Freedom ofInformation Commission, 221 Conn. 482, 489-90, 604 A.2d 819
(1992); see also Southern New England Telephone Co. v. Board ofTax Review, 31 Conn. App, 155, 160-61, 623 A.2d 1027 (1993). CT Page 11648
The plaintiff argues that the defendant is attempting to appeal the assessment of its own Board of Tax Review which is not provided for under Connecticut law. The defendant maintains that the court may raise a property assessment under General Statutes § 12-117a, and that the plaintiff's withdrawal of the appeal does not affect the counterclaim.
The defendant relies upon Tucker v. Hartford, 15 Conn. App. 513,545 A.2d 584, cert. denied, 209 Conn. 807, 548 A.2d 444
(1988), and Voog v. Clinton, 8 Conn. L. Rptr. 146 (November 6, 1992) (Spallone, S.T.R.), in which the property assessments were raised based upon the fair market value. In both Tucker and Voog
the court determined the fair market value pursuant to the powers granted to it under General Statutes § 12-118, now §12-117a. General Statutes § 12-117a provides in part that "[t]he court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable, and, if the application appears to have been made without probable cause, may tax double or triple costs, as the case appears to demand. . . ." The defendant asserts that under this portion of § 12-117a the court is to determine the actual value of the property in question, as was done inTucker and Voog. However, the plaintiff here has withdrawn its appeal under § 12-117a, and therefore, the equitable provisions of that statute are no longer available to the court.
The defendant maintains that it has invoked the equitable power of the court through its counterclaim, and the withdrawal of the plaintiff's appeal has no affect on that counterclaim. "Under our rules of practice, a counterclaim, if proper, is an independent action." (Emphasis added; internal quotation marks omitted.) Union Carbide Corp. v. Aetna Casualty Surety Co.,212 Conn. 311, 318, 562 A.2d 15 (1989). "`The withdrawal of an action after a counter-claim . . . has been filed therein shall not impair the right of the defendant to prosecute such counter-claim as fully as if said action had not been withdrawn. . . .' Practice Book § 169. Counterclaims survive the withdrawal of the original complaint by the plaintiff." Traffic Net ofConnecticut, Inc. v. Diana, 14 Conn. L. Rptr. 203 (April 26, 1995) (Hale, J.).
The defendant is correct in that the counterclaim survives the withdrawal of the original action, however, the remaining counterclaim, as an independent action, must still state a cause of action sufficient to invoke the jurisdiction of this court. CT Page 11649 Thus, the defendant may only seek to increase the assessment of the plaintiff's property if there is statutory authority for the defendant to appeal from a decision of its own assessor and board of tax review.
General Statutes § 12-117a provides a method whereby a taxpayer, not the town which through its assessor has assessed the property, may appeal his assessment. Therefore, § 12-117a
does not provide statutory authority through which the defendant may independently seek to increase the plaintiff's assessment. Furthermore, "[m]unicipalities have no powers of taxation other than those specifically given by statute, and strict compliance with the statutory provisions is a condition precedent to the imposition of a valid tax." Empire Estates, Inc. v. City ofStamford, 147 Conn. 262, 264, 159 A.2d 812 (1960). "The power of assessors to alter assessments only exists during the lawful period for the performance of their duties, before the lists are completed and filed. . . . Once the assessors have completed their duties as prescribed by statute, they have no authority to alter a list except to remedy a clerical omission or mistake." (Citation omitted.) Id., 264-65; see also Albert Bros., Inc. v.City of Waterbury, 195 Conn. 48, 55, 485 A.2d 1289 (1985). In seeking in its counterclaim to raise the assessment on the plaintiffs property however, the defendant is appealing to this court although "[a]ppeals to courts from administrative agencies exist only under statutory authority. . . ." (Internal quotation marks omitted.) Southern New England Telephone Co. v. Board ofTax Review, supra, 31 Conn. App. 160. The defendant's counterclaim is not founded upon any statutory authority whereby a municipality may appeal the assessment of property valued by its own assessor, nor has the court located any statutory authority which would permit such an appeal. Accordingly, the absence of statutory authority for such a counterclaim deprives the court of subject matter jurisdiction and the plaintiffs motion to dismiss the defendant's counterclaim is granted.